# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| COUNTY OF FULTON, FULTON COUNTY BOARD OF ELECTIONS, STUART L. ULSH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR IN FULTON COUNTY, AND RANDY H. BUNCH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR OF FULTON COUNTY | : No. 4 MAP 2022 <br> : <br> : Appeal from the Order of the <br> : Commonwealth Court Denying <br> : Application to Intervene at No. 277 <br> : MD 2021 dated January 10, 2022 <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| v. | : <br> : <br> : <br> : |
| SECRETARY OF THE COMMONWEALTH | : <br> : <br> : |
| APPEAL OF: DOMINION VOTING SYSTEMS, INC., Possible Intervenor | : <br> : <br> : <br> : <br> : |

## ORDER

**PER CURIAM**                                    **DECIDED:  March 21, 2022**

AND NOW, this 21st day of March, 2022, the Commonwealth Court's order of January 10, 2022, denying intervention is hereby **REVERSED** and Proposed Intervenor's Application for Leave to Intervene for the Limited Purpose of Seeking a Protective Order is hereby **GRANTED**.  Intervention may be granted to parties whose rights and interests may be irreparably harmed as a consequence of the progression of the case.  *See Bannard v. New York State Natural Gas Corp.*, 172 A.2d 306 (Pa. 1961) (holding that

intervention is permitted "where the party seeking it has an interest in or will be affected by the pending litigation"); *see also Banfield et al. v. Secretary of the Commonwealth*, 442 MD 2006, 922 A.2d 36 (Pa. Cmwlth. 2007) (granting intervention to three voting system providers for the limited purpose of defending discovery and seeking protective orders).

Justice Mundy and Justice Brobson note their dissent.